# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMER SAMI; BAN SAMI,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　　　　　　Defendant. | Case No. 23-cv-0224-BAS-JLB<br><br>**ORDER GRANTING IN PART JOINT MOTION TO DISMISS WITH PREJUDICE**<br><br>**(ECF No. 16)** |

　　　　Pending before the Court is the parties' joint motion to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii), which follows the parties' entry into a settlement agreement. (Joint Mot., ECF No. 16.) The parties additionally request the Court "to retain jurisdiction . . . in order to enforce the terms of the Settlement Agreement should a dispute arise therefrom." (*Id.* ¶ 3.)

　　　　The portion of the parties' Joint Motion that seeks dismissal is unproblematic. The parties have met the requirements of Rule 41(a)(1)(A)(ii), which require "a stipulation of dismissal by all parties who have appeared." Thus, the Joint Motion is **GRANTED** to the extent it seeks dismissal with prejudice of the instant action.

　　　　However, the parties request for the Court to retain continuing jurisdiction—as opposed to directing the Clerk of Court to mark the case closed—so that it may aid in the resolution of disagreements concerning the Settlement Agreement and enforce the terms

thereof requires further discussion.  Retention of jurisdiction over a settlement agreement after a Rule 41(a)(1) dismissal is a matter of discretion.[1]  *See Collin v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993) (holding that "[a] federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it" and that such declination is adjudged by the "abuse of discretion" standard).  It is axiomatic that "[p]arties cannot by agreement confer jurisdiction upon a federal court," *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003), and therefore "it is irrelevant whether both parties wish for the federal court to retain indefinite jurisdiction to enforce their settlement agreement." *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380 (D.N.J. 2011).

The Court has every confidence that the parties can manage any near-term obligations triggered by their private settlement agreement—an agreement that the Court had no direct role facilitating and which the parties have not proffered to the Court—without the Court officially retaining jurisdiction.  Accordingly, the Court, in its discretion, declines to retain jurisdiction over future disputes related to the settlement agreement.

In summary, the Court **ORDERS** as follows:

1. The Court **GRANTS** the Joint Motion to dismiss the action with prejudice. The action is hereby **DISMISSED WITH PREJUDICE**.

2. The Court, in its discretion, will not retain jurisdiction over the Settlement Agreement.

3. The Court **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED.**

**DATED:  JUNE 30, 2023**

Hon. Cynthia Bashant
United States District Judge

---

[1] The parties cite California Code of Civil Procedure Section 664.6 in support of their request for continuing jurisdiction.  (Joint Mot. ¶ 3.)  Its applicability to proceedings in federal court under *Erie* doctrine is dubious.  *See Thomas v. ooShirts, Inc.*, No. 1:21-cv-2519-TWP-MJD, 2022 WL 4367441, at *2 (S.D. Ind. Sept. 20, 2022) ("Section 664.6 is a California procedural rule that does not apply in federal court.").  But even if it did apply, it is a discretionary procedural mechanism that does not obligate a court to retain jurisdiction over a settlement agreement following the dismissal of claims that contract is meant to resolve.  *See* Cal. Civ. Code § 664.6(a) ("If requested by the parties, the court *may* retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.") (emphasis added).